**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

v.

Antonio Terrell Gaither Jr,

Defendant.

No. CR-25-00566-001-PHX-KML

**ORDER**

Criminal defendant Antonio Terrell Gaither, Jr. pleaded guilty to conspiring to transport illegal aliens pursuant to a plea agreement in which he waived his right to appeal his sentence. At sentencing, Gaither's guidelines calculation included an aggravating role enhancement because he was a manager or supervisor in the conspiracy, but the court ultimately imposed a below-guidelines term of 12 months-and-a-day. Gaither now seeks release pending appeal based on the application of the role enhancement. Because he waived his ability to appeal his sentencing calculation and the manager/supervisor adjustment properly applied, Gaither's appeal raises no "substantial question" and his motion is denied.

## I.      Factual and Procedural History

A federal grand jury indicted Gaither for conspiring to transport illegal aliens in April 2025. (Doc. 7.) He ultimately pleaded guilty to that crime pursuant to an agreement with the government. (Doc. 44 at 1.) The factual basis of that agreement contained Gaither's admissions he had "recruited and supervised" drivers who transported the

undocumented aliens, including by "direct[ing]" them to pickup locations, "instruct[ing]" them on delivery points, and "coordinat[ing]" payments to them. (Doc. 44 at 6.) At his change-of-plea hearing, Gaither admitted those facts were true under oath. (Doc. 68 at 3, 21-23.)

Gaither's plea agreement also contained an appellate waiver. (Doc. 44 at 4.) Most relevant here, Gaither agreed to waive "any right to file an appeal . . . that challenges . . . any aspect of [his] sentence, including the manner in which the sentence is determined, including but not limited to appeals under 18 U.S.C. § 3742 (sentencing appeals)[.]" (Doc. 44 at 4.) He agreed the waiver would "result in the dismissal of any appeal" he might later file "challenging the . . . sentence in this case." (Doc. 44 at 4.) At the change-of-plea hearing, the magistrate judge confirmed Gaither understood how the sentencing guidelines, including offense levels, worked (Doc. 68 at 12-13); understood that if the district court calculated the sentence differently to what defense counsel estimated, "that's not a reason to appeal" (Doc. 68 at 14); and understood he was "giving up [his] right to appeal . . . [his] . . . sentence" (Doc. 68 at 20). At sentencing, the district court found Gaither had "knowingly, voluntarily and intelligently waived his right to take an appeal" under the plea agreement's provisions. (Doc. 69 at 22.)

The pre-sentence report ("PSR") disclosed before sentencing included a three-level increase because Gaither was a manager or supervisor of a criminal activity involving five or more participants or that was otherwise extensive. (PSR (Doc. 42) ¶ 24.) It also included the facts of specific alien-smuggling events during which Gaither provided instructions to drivers for where to pick up and drop off aliens (PSR ¶ 7-8, 10, 12), recruited drivers (PSR ¶ 8, 10, 12), and made sure the drivers were paid and extra proceeds returned to the conspiracy (PSR ¶ 8, 10, 12). Before sentencing, Gaither filed a PSR objection characterizing the conspiracy as non-hierarchical and arguing he played an average role because he was in turn directed by others above him. (Doc. 37 at 2-3.) The government's response emphasized that Gaither had admitted to recruiting, supervising, directing, and coordinating payments to the drivers and cited facts in the PSR supporting those

admissions. (Doc. 41 at 2-3.)

The court permitted further argument on Gaither's objection at the sentencing hearing and ultimately overruled it. (Doc. 69 at 5-8.) It noted it had considered the relevant guideline provision, U.S.S.G. § 3B1.1(b), and the Sentencing Commission's note explaining how to apply that adjustment. (Doc. 69 at 7.) The court cited portions of the PSR and factual basis showing Gaither "did recruit, coordinate, [and] pay participants[,]" recognized the PSR reflected more than five people participated, and found that drivers potentially working for multiple organizations didn't "negate Mr. Gaither's recruitment and coordination and the level of control that he had over them in this case." (Doc. 69 at 7-8.) The court nonetheless varied downwards pursuant to 18 U.S.C. § 3553(a) and imposed a sentence of 12-months-and-one-day. (Doc. 69 at 14, 17-18.)

Gaither filed a notice of appeal after the sentencing and now seeks release pending appeal. (Docs. 52, 67.) He intends to argue the court incorrectly calculated the guidelines when it applied the managerial role adjustment such that, after a correct calculation and assuming the court varies downwards again, he could receive a probationary sentence. (Doc. 67 at 2-3.)

## II.    Analysis

A criminal defendant sentenced to imprisonment who seeks release pending appeal must show, among other factors, that his "appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in . . . a sentence that does not include a term of imprisonment" or "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 1343(b)(1)(B)(iii), (iv); *United States v. Montoya*, 908 F.2d 450, 450-51 (9th Cir. 1990) (defendant bears the burden of proving entitlement to bail pending appeal). A "substantial question" is "fairly debatable" and "of more substance than would be necessary to a finding that it was not frivolous." *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (simplified). "Fairly debatable" questions may be "novel" or not "readily answered by controlling precedent." *United States v. Federico*, 479 F. Supp. 3d 819, 822 (N.D. Cal.

2020) (simplified). In evaluating whether a question is substantial, a court may account for the procedural posture of the asserted error on appeal, for example, whether it has been sufficiently preserved below or is harmless. *Id.* (quoting *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)). An enforceable appellate waiver prevents a defendant from showing his appeal presents a "substantial question." *United States v. Mason*, No. 2:16-CR-00002 KJM, 2022 WL 787923, at *2 (E.D. Cal. Mar. 15, 2022); *United States v. Avetisyan*, No. CR 14-00329-ODW-2, 2019 WL 3957845, at *1 (C.D. Cal. Aug. 22, 2019).

Gaither cannot raise a "substantial question" related to the application of the role enhancement because he waived his ability to appeal the guidelines calculations in his case. An appeal is subject to dismissal when, pursuant to a plea agreement, a defendant makes a knowing and voluntary waiver that "encompasses his right to appeal on the grounds raised." *See United States v. Charles*, 581 F.3d 927, 931 (9th Cir. 2009). Pursuant to the plea agreement, Gaither waived any right to file an appeal challenging "any aspect of [his] sentence, including the manner in which the sentence is determined, including but not limited to appeals under 18 U.S.C. § 3742 (sentencing appeals)." (Doc. 44 at 4.) Waivers precluding appeal of "the manner in which [the sentence] is determined" or referencing 18 U.S.C. § 3742—even without using the words "guidelines calculation" (*contra* Doc. 71 at 1)—foreclose appellate arguments challenging the application of a role enhancement like Gaither intends to make. *See United States v. Fainga*, No. 21-10304, 2022 WL 17090579, at *1 (9th Cir. Nov. 21, 2022) (appellate waiver covering "the right to challenge [the defendant's] sentence, and the manner in which it was determined" barred appeal of aggravating role enhancement); *United States v. Alexander*, 416 F. App'x 665, 666 (9th Cir. 2011) (language waiving rights "conferred by [18 U.S.C. §] 3742" was "an unambiguous waiver" of the "right to appeal the sentencing court's Guidelines calculations"). Gaither cannot show his appeal presents a "substantial question" because he has waived the only argument he intends to make.

Gaither hints in reply that his waiver was not made knowingly or intelligently because there was no indication he had read 18 U.S.C. § 3742. (Doc. 71 at 2.) But the

magistrate judge explained that the district court imposing a sentence different from what Gaither hoped for or his counsel estimated was "not a reason to appeal" and confirmed Gaither understood he was "giving up [his] right to appeal . . . [his] . . . sentence." (Doc. 68 at 14, 20.) A judge need not use magic words at a plea colloquy for an appellate waiver to be knowing, voluntary, and intelligent; all the law requires is an understanding that the waiver means sentencing appeals would be prohibited. *See, e.g.*, *United States v. Watson*, 582 F.3d 974, 986-87 (9th Cir. 2009) (waiver pursuant to plea agreement that did not cite 18 U.S.C. § 3742 was nonetheless knowing and voluntary where judge explained defendant could not appeal his sentence); *United States v. Herrera-Lopez*, 391 F. App'x 681, 682 (9th Cir. 2010) (despite failure to address appellate waiver's specific terms, change-of-plea colloquy satisfied Rule 11(b)(1)(N) where judge conveyed defendant was "giving up the majority of his rights to appeal the sentence" and defendant understood) (simplified). Gaither confirmed he understood that he was waiving sentencing appeals several times during the change-of-plea colloquy, and no more was required for a valid waiver. He can present no "substantial question" regarding the guidelines calculation on appeal because he waived doing so under his plea agreement.

Even if Gaither had not validly waived appeal of his guidelines calculation, his appeal would present no "substantial question" because precedent readily shows the role enhancement was merited based on the facts he admitted and which the PSR reflected. The Ninth Circuit has multiple times decided in unpublished decisions—which cannot be issued when a panel "[e]stablishes, alters, modifies or clarifies" the law, 9th Cir. R. 36-2(a)—that a role enhancement is merited where a defendant recruited, supervised, instructed, and paid co-conspirators. *See, e.g.*, *United States v. Moura*, 456 F. App'x 652, 654 (9th Cir. 2011); *United States v. Sopo*, 431 F. App'x 596, 597 (9th Cir. 2011); *United States v. Roberson*, 516 F. App'x 650, 651 (9th Cir. 2013). Gaither admitted to doing exactly those things in the factual basis of his plea agreement, and the facts in his PSR support his admissions. Even if not foreclosed, his appeal would not present a "substantial question."

Gaither has not met his burden to show his appeal "raises a substantial question of law or fact likely to result in" a sentence that is non-custodial or that will outlast his appeal. *See* 18 U.S.C. § 1343(b)(1)(B)(iii), (iv).

Accordingly,

**IT IS ORDERED** denying Gaither's Motion for Release Pending Appeal (Doc. 67).

**IT IS FURTHER ORDERED** the current self-surrender date is **AFFIRMED**.

Dated this 26th day of May, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**

- 6 -